IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN FLYNN, JAMES BOLAND, GERALD )
O'MALLEY, KEN LAMBERT, GERARD SCARANO, )
H. J. BRAMLETT, EUGENE GEORGE, PAUL )
SONGER, CHARLES VELARDO, MATTHEW )
AQUILINE, GREGORY R. HESS, MICHAEL )
SCHMERBECK, VINCENT DELAZZERO, and BEN )
CAPP, JR., as Trustees of, and on behalf of, the )
BRICKLAYERS & TROWEL TRADES )
INTERNATIONAL PENSION FUND, )

    1776 Eye Street, NW, Fifth Floor
    Washington, DC 20006
    (202) 783-3788,

        Plaintiffs,             Civil Action No.

        v.

JAMES R. JAJKOWSKI,
33 Ransier Drive
West Seneca, NY 14224,

        Defendant.

## COMPLAINT

Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP, complaining of the Defendant, allege as follows:

CAUSE OF ACTION

### Jurisdiction and Venue

1. This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF"), to enforce the terms of the Plan and Trust Agreements adopted by the IPF and the provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). This action arises under the laws of the

United States, specifically Sections 502(a)(2) and 502(g)(2) of ERISA, 29 U.S.C. § 1132(a)(2) and (g)2. Pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), jurisdiction is therefore conferred on this Court.

2. The IPF is administered in the District of Columbia. Venue for the claims asserted by the IPF is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides:

> (2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

## Parties

3. Plaintiffs, John Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H. J. Bramlett, Eugene George, Paul Songer, Charles Velardo, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent DeLazzero and Ben Capp, Jr., are Trustees of, and sue on behalf of, the IPF. The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). Plaintiffs bring this action on behalf of, and for the benefit of, the beneficiaries of the IPF in their respective capacities as fiduciaries.

4. Defendant, James R. Jajkowski, individually, is, and all times hereinafter mentioned was, the principal officer and controlling owner of Progressive. Defendant employs or has employed members of the International Union of Bricklayers and Allied Craftsmen and its affiliated local unions.

DSMDB.2061262.1

## BACKGROUND

5. Plaintiffs, Trustees of the Bricklayers and Allied Craftworkers International Pension Fund ("Plaintiffs" or "IPF"), filed a Complaint in this Court against Progressive Weatherproofing, Inc. ("Progressive") in May 2003 for the recovery of delinquent fringes benefit contributions (Flynn, et. al v. Progressive Weatherproofing, Civil Action No. 03-01111, HHK). After two years, the case was called to trial on September 26, 2005 before Judge Kennedy.

6. Before the trial began, the case was settled and the terms of settlement read into the record, in the presence of James R. Jajkowski ("Defendant" or "Jajkowski"), who is the principal officer and owner of Progressive.

7. On December 21, 2005 the Court entered Judgment in favor of the IPF and against Progressive in the amount of $375,000.00 (see Judgment, attached hereto as Exhibit 1).

8. To date, Progressive has not complied with any of the terms of the settlement agreement or satisfied the Judgment issued by the Court.

## **Violation Charged**

### COUNT I – BREACH OF FIDUCIARY DUTY

The allegations contained in paragraphs 1 through 8 are incorporated herein by reference, as though fully set forth.

9. Each employer party to the IPF Trust Agreement, as amended ("Trust"), is required to make prompt contributions to the IPF pursuant to the applicable collective bargaining agreement between the employer and the union. The Trust further provides that such contributions shall be an absolute obligation to the IPF and title to all monies

paid into and/or due and owing the IPF shall be vested in and remain exclusively in the Trustees of the IPF.

10. Defendant, James R. Jajkowski, is the principal officer of Progressive and at all relevant times had the power to exercise control, authority and discretion over the business affairs of Progressive, including control, authority and discretion as to whether to pay or not to pay employee benefit contributions due the Plaintiffs.

11. Jajkowski did exercise actual control, authority and discretion regarding the decision to pay or not to pay the contributions due and owing to the IPF. Jajkowski made the decision not to pay the contributions alleged in *Flynn et. al v. Progressive Weatherproofing*. Such contributions, which were assets of the IPF, remained under Jajkowski's control, and were an absolute obligation to the IPF because title to all monies due and owing the IPF are vested in the IPF.

12. Jajkowski exercised discretionary authority and control over IPF assets in his failure to pay the contributions due and owing the IPF, and is therefore a fiduciary to the IPF within the meaning of ERISA. Section 3(21)(A), 29 U.S.C.§1102(21)(A).

13. Jajkowski breached his fiduciary duty to the IPF by failing to act solely in the interests of the participants and beneficiaries, failing to act with prudence and diligence and putting his own interests and the interests of Progressive before the interests of the participants and beneficiaries. ERISA, Section 404, 29 U.S.C. §1104.

14. ERISA provides that a fiduciary who breaches its duty "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to the plan any profits of such fiduciary which have been made through the use of assets of the plan by the fiduciary and shall be subject to such

other equitable relief as the court may deem appropriate . . ." ERISA Section 509(a), 29 U.S.C. § 1109(a).

15. Jajkowski must make good to the IPF such losses resulting from his breach of fiduciary duty.

## COUNT II – PIERCING THE CORPORATE VEIL

16. The allegations contained in paragraphs 1 through 18 are incorporated herein by reference, as though fully set forth.

17. Upon information and belief, Jajkowski has converted the assets of Progressive to his own personal use, thereby denying the IPF the right to collect the contributions owed.

18. Under the doctrine of piercing the corporate veil, Jajkowski is not entitled to the protection of Progressive's corporate veil. Accordingly the veil should be pierced to impose personal liability on Jajkowski for the debts and obligations of Progressive, including the $375,000.00 judgment.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For the total amount of $375,000.00,

2. Prepayment interest, and

3. Such other relief as this Court deems appropriate, including judgment for any contributions and/or interest thereon that may accrue subsequent to the filing of this complaint.

Dated: April 7, 2006          By: *[signature]*
                              Ira R. Mitzner, DC Bar No. 184564
                              DICKSTEIN SHAPIRO MORIN
                               & OSHINSKY LLP
                              2101 L Street, NW
                              Washington, DC 20037-1526
                              (202) 828-2234

                              Attorneys for Plaintiffs

6